IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

YVON MONCHER,
D.O.C. # M19176,

    Plaintiff,

vs.                        CASE NO. 4:16cv12-RH/CAS

DADE COUNTY POLICE
DEPARTMENT, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Yvon Moncher, proceeding pro se, has initiated a case in this Court by filing a civil rights complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. Mr. Moncher has previously had four cases dismissed in this Court pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See* case # 3:15cv204-MCR/CJK; case # 1:14cv222-MP/GRJ; case # 1:14cv225-WS/GRJ; and case # 4:14cv610-RH/GRJ. He is well aware that he may not proceed with in forma pauperis status unless he presents factual allegations

demonstrating that he is in imminent danger of serious physical injury as required by § 1915(g). Mr. Moncher's complaint does not do so.

Mr. Moncher[1] is currently confined at Lake Correctional Institution. The Defendants are not located with Plaintiff, the events alleged did not recently occur, and they are unrelated to his current confinement. ECF No. 1. Accordingly, no allegations show that Mr. Moncher faces either "imminent danger" or "serious physical injury."

Section 1915(g), enacted by the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought *an action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Mr. Moncher has had more than three cases dismissed for reasons which count as "strikes" under § 1915(g). Listing these three cases is sufficient: Moncher v. Hollywood Mem'l Hosp., No. 0:14cv62538-WPD (S.D. Fla. Dec. 30, 2014) (dismissed for failure to state a claim); Moncher v. Inmates, No. 1:14cv23168-UU (S.D.

---

[1] Mr. Moncher's Department of Corrections inmate number, M19176, verifies this is the same individual who previously filed the other cases in this Court.

Case No. 4:16cv12-RH/CAS

Fla. Oct. 2, 2014) (dismissed as frivolous); Moncher v. Cent. Fla. Reception Ctr., et al., No. 6:12cv1896-GKS-KRS (M.D. Fla. Dec. 21, 2012) (dismissed for failure to state a claim).  Accordingly, for the reasons stated above, the motion for leave to proceed in forma pauperis, ECF No. 2, should be denied and this case dismissed.  Dismissal should be without prejudice such that Mr. Moncher may file a new complaint, but he must pay the full $400.00 filing fee at the time of case initiation.  Owens v. Schwartz, 519 F. App'x 992, 994 (11th Cir. 2013) (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)).

It is respectfully **RECOMMENDED** that the motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), this case be **DISMISSED without prejudice**, and the Clerk of Court be directed to enter on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2016.


 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**